IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERICA D. JONES,<br><br>Defendant. | Case No. 10-mj-0210<br><br>ORDER FOR PRETRIAL DETENTION<br><br>Eastern District of Wisconsin<br>Case No. 10-CR-126 |

On the 27th day of August, 2010, this matter came on for hearing on the Government's request to have the Defendant detained pending his return to the Eastern District of Wisconsin. The Government was represented by Assistant United States Attorney Marti Sue Sleister. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On July 7, 2010, Defendant Terica D. Jones was charged by Indictment in the United States District Court for the Eastern District of Wisconsin with distribution of heroin. An arrest warrant was issued on the same date. Following his arrest, Defendant appeared in the United States District for the Northern District of Iowa on August 24, 2010.

Special Agent Josh Lupkes of the Iowa Division of Narcotics Enforcement testified regarding the circumstances surrounding the instant charges. In January and February 2010, Defendant was involved in a series of controlled buys of heroin in Milwaukee, Wisconsin. A video of a controlled buy on February 15, 2010, was admitted into evidence

1

as Government's Exhibit 2. The video shows Defendant exiting a white Cadillac driven by a confidential source ("C.S."). The video shows Defendant entering his residence and returning to the Cadillac. Inside the vehicle, the C.S. purchased 3.3 grams of heroin from Defendant. Defendant exited the Cadillac after the controlled buy was completed. An audio recording of the transaction was made, but not offered at the instant hearing. According to Special Agent Lupkes, the C.S. called Defendant to set up the controlled buy. Prior to the controlled buy, police officers searched the C.S. and the C.S.'s vehicle and found no contraband. Police officers recovered the heroin following the controlled buy.

According to the pretrial services report, Defendant is 30 years old. Defendant has never been married, but has one child (age 11) from a relationship with Lakiesha Reed. Defendant was born in Chicago, Illinois, and prior to his arrest resided with Ms. Reed and their son in Chicago. If released, Defendant indicated that he would continue to reside with Ms. Reed in Chicago. However, Ms. Reed could not be reached to confirm that Defendant would be allowed to reside with her.

Defendant earned a GED in 1998. He has been unemployed since 2005. Defendant has no serious physical or mental health problems. Defendant declined to discuss his substance abuse history for the pretrial services report.

Defendant has an extensive criminal record. In March 1997, Defendant was charged with conspiracy to sell a controlled substance to persons under age 18 and the manufacture and delivery of a controlled substance in Cook County, Illinois. In April 2007, while the initial charges were pending, Defendant was arrested again and charged with the same offenses. In October 1997, Defendant was given 2 years probation in both cases. Later in October 1997, while on probation, Defendant was charged with criminal trespass to state land. In July 1998, while on probation, Defendant was charged with the manufacture and delivery of a controlled substance. In September 1998, Defendant was

sentenced to six years in prison on the new charge and his probation was revoked on the earlier charges.

Defendant was paroled in March 1999. Between September 1999 and May 2001, while on parole, Defendant was arrested 11 times, including twice for possession of drugs. Defendant was discharged from parole in November 2001.

In February 2002, Defendant was charged with possession of a controlled substance and was sentenced in October 2002 to 29 months in prison. While Defendant was on pretrial release, he was arrested 4 more times. He was paroled in May 2003. While on parole, Defendant was arrested for reckless conduct, an ordinance violation, and criminal trespass to a vehicle. Defendant was sentenced to 120 days in jail on the criminal trespass to vehicle charge. Defendant was discharged from parole in May 2004.

In July 2004, Defendant was charged with the manufacture and delivery of a controlled substance. Between August 2004 and June 2005, while on pretrial release for the July 2004 charge of the manufacture and delivery of a controlled substance, Defendant was arrested five more times.

In March 2007, Defendant was charged with manufacture and delivery of heroin in Milwaukee County, Wisconsin. Defendant was sentenced to 1 year in jail and 1 year probation. While released on bond on the manufacture and delivery of heroin charge, Defendant was arrested 7 times, including twice for possession of cannabis. In May 2010, Defendant was charged with possession of cannabis and driving while license suspended or revoked in Jo Daviess County, Illinois. In June 2010, Defendant failed to appear for the preliminary hearing on the charges in Jo Daviess County because he was serving 75 days in jail in Black Hawk County, Iowa, for a possession of marijuana charge. The charges in Jo Daviess County remain pending.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the

United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distribution of heroin, which is an offense found in § 3142(f)(1)(C). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance,

however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by

coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with distribution of heroin. The weight of the evidence against Defendant is strong. There is video and audio evidence of Defendant participating in a controlled buy of heroin with a confidential source. Defendant has been unemployed for more than five years. The Court is unable to confirm Defendant's residence. Defendant has a substantial criminal record, including multiple drug convictions. Defendant has a history of not complying with conditions of pretrial release, probation, or parole. Significantly, many of Defendant's arrests and convictions occurred while he was on parole, probation, or pretrial release. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. Defendant shall be returned to the Eastern District of Wisconsin by the United States Marshal's Service to answer to the charge now pending against him.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 27th day of August, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA